IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| ELGIN-BUTLER COMPANY, | § | CASE NO. 14-11180-TMD |
| TRIKEENAN TILEWORKS, INC. | § | |
| OF NEW YORK, | § | CASE NO. 14-11181-TMD |
| AND MCINTYRE TILE COMPANY, INC., | § § | CASE NO. 14-11182-TMD |
| Jointly Administered Debtors | § § § | CHAPTER 11 Jointly Administered Under CASE NO. 14-11180-TMD |

**DEBTORS' MODIFICATIONS TO**
**JOINT PROPOSED PLAN OF REORGANIZATION**

TO THE HONORABLE TONY DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Elgin-Butler Company, Trikeenan Tileworks of New York, Inc. and McIntyre Tile Company, Inc. (collectively the "Debtors") the Debtors in Possession in this chapter 11 case, propose the following non-material Modifications to their Joint Plan of Reorganization as follows:

1.  The Debtors propose the following non-material modifications to their Amended Joint Plan of Reorganizations. Pursuant to 11 U.S.C. §1127 and Bankruptcy Rule 3019(a), the Modifications are non-material and do not require resolicitation; treatment of creditors in the remaining classes has not been affected, and the Debtors are not seeking any changes of votes.

2.  The Sections being modified are as follows:

**ARTICLE II.**

**2.1.11 "Briar Capital Exit Facility"** means the revolving credit facility provided for under that certain Loan Agreement executed by and between Briar Capital, L.P., as lender, and the Debtors/Reorganized Debtor, as borrowers, together with all promissory notes, security agreements, certificates, and other documents and instruments executed or delivered in

connection therewith. The Briar Capital Exit Facility shall be treated as set forth in Articles V and VI of the Plan and in accordance with any and all loan documents executed in connection with the Briar Capital Exit Facility.

**2.1.53 "Reorganized Debtor"** means the substantively consolidated Debtors after the Effective Date.

## ARTICLE V.

**5.1 Classified Claims.** Notwithstanding anything to the contrary below, the treatment of all Classified Claims described below shall be subject to, in all respects, the terms and conditions of the Briar Capital Exit Facility, including any and all security interests and payment obligations thereunder as described in Article VI.

**5.1.4 Class 4 – Allowed Secured Claim of NYBDC.** Class 3 consists of the Allowed Secured **Claim** of NYBDC for the amount due under the terms of a Loan Modification Agreement in the original principal amount of $265,000.00 dated December 22, 2011, and executed by Trikeenan NY. Following the Effective Date, payments to NYBDC will resume on the same terms and conditions set forth in the agreements between NYBDC and the Debtors. Any accrued unpaid interest will be paid within 30 days of the Effective Date and any unpaid, accrued principal installments will be added to the balloon payment due on the maturity date of the loan. This Class is impaired.

**5.1.5 Class 5 – Allowed Claim of Steuben Trust Company.** Class 5 consists of the Allowed Secured Claim of Steuben Trust Company, being the amounts due to Steuben Trust Company by **Trikeenan** NY under that certain Promissory Note dated February 8, 2006, issued by the City of the Hornell Industrial Development Authority in the amount of $1,025,000 (the "STC IDA Note") and under that certain Promissory Note dated April 8, 2008, in the amount of $44,950 (the "STC Note"). The Claim 5 Claim arising under the STC IDA Note shall be repaid by continuing rental payments due pursuant to the terms of the Lease with Steuben Trust Company which the Reorganized Debtor is assuming under the terms of this plan. Any unpaid, accrued amounts payable under the terms of the Lease shall be paid by the Reorganized Debtor within 30 days of the Effective Date in conjunction with assumption of the Lease. As long as the Reorganized Debtor is not in default under the Lease, Steuben Trust Company shall not disturb Debtor's possession, use and enjoyment of the premises described in the Lease. After the Effective Date, upon the occurrence of an event of default under the Lease, not cured within fifteen days, at the request of Steuben Trust Company, the Reorganized Debtor shall commence to escrow amounts due under the lease for taxes that, if unpaid, constitute a first priority lien upon the premises described in the Lease and interest shall commence to accrue on the outstanding cure obligation at the rate of 5% per annum. The escrow shall equal one-twelfth of the annual amount of such taxes and shall be due at the time of each month's rental payment. That portion of the Class Five Claim arising under the STC Note shall be paid by the Reorganized Debtor resuming payments on the same terms and conditions as set forth in the STC Note, with any unpaid, accrued amounts payable in a balloon payment on the maturity date of the note. This Class is impaired.

**5.1.9 Class 9 – Claim of EB Liquidating Co.** EB Liquidating Company holds a claim in the amount of $550,679.29 arising from the purchase of Elgin-Butler Brick Company by Elgin-Butler Brick Company. Of that amount, $431,412.00 is principal and $119,267.29 is pre-petition accrued interest. The Claim of EB Liquidating will be paid pursuant to the terms of the Settlement Agreement and the Settlement Note between the two parties. More specifically, if additional payments aggregating $231,412.00 are made prior to the "Maturity Date" under certain provisions of the Settlement Note and no "Default" occurs prior to such date, the outstanding balance of principal and interest will be released and forgiven. This class is unimpaired.

## ARTICLE VI.

**B. Sources of Payments:** Additionally, on the Effective Date, the Reorganized Debtor will receive new equity contributions to Elgin-Butler in the amount of $500,000 and financing provided through the Briar Capital Exit Facility in an initial amount of up to $2.5 million. The Loan Agreement and each security agreement relating thereto are attached hereto as **Plan Supplement 1** and are approved in all respects. The Briar Capital Exit Facility shall be secured by a valid and perfected security interest in and lien on all the personal property assets of the Debtors and Reorganized Debtor, in each case whether now owned or hereafter acquired, including, but not limited to, all of the Debtors' and Reorganized Debtor's accounts, inventory, general intangibles, chattel paper, investment property, instruments, documents, letter-of-credit rights, letters of credit, supporting obligations, commercial tort claims, equipment, and all moneys, proceeds (including insurance proceeds) and products of the foregoing in whatever form (the "Briar First Lien Collateral"). The security interests and liens in the Briar First Lien Collateral granted to Briar Capital, L.P. as security for the Briar Capital Exit Facility shall be deemed fully perfected in all respects on the Effective Date and shall, except with respect liens in place on the Effective Date in favor of Ridge stone and NYBDC on certain equipment of the Debtors and Reorganized Debtor, be on a first-priority, senior-secured basis and shall be superior in priority to all other creditors and parties-in-interest.

## ARTICLE XIV.

**14.10 (d)** Nothing herein shall be deemed to release any guarantor of debt owed by Debtors from any guaranty obligation or to release any lien or security interest granted by such guarantor to secure any guaranty obligation.

**14.23 Trikeenan Lease of New York real property:** As long as the Reorganized Debtors are not in default under the Lease (as described in Section 5.1.5 above), including the cure payments due under the Lease, neither Steuben Trust Company nor Statewide Zone Capital Corporation of New York shall disturb the Reorganized Debtors' possession, use and enjoyment of the premises described in the Lease. The remaining balance under the STC IDA Note at the end of the Lease term and any unpaid amounts due to Statewide Zone Capital Corporation of New York after the plan payments provided under the Plan shall remain secured by the respective mortgages held by Steuben Trust Company and Statewide Zone Capital Corporation of New York on the Leased Premises, but shall not be the obligation of the Reorganized Debtor. Nothing herein or in the Plan shall create any liability of the Reorganized Debtor to pay any amounts due under the STC IDA Note in excess of the lease payments due under the Lease.

WHEREFORE, Debtors request that the Court approve the Modifications and confirm the Debtors' Plan.

Respectfully Submitted,

*/s/ Mark C. Taylor*
Mark C. Taylor
State Bar No. 19713225
Hohmann, Taube & Summers, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: 512/472-5997
Telecopier: 512/472-5248
markt@hts-law.com

ATTORNEYS FOR DEBTORS

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be served using the Court's CM/ECF system and/or first class mail on November 18, 2014 to all persons on the attached list.

*/s/ Mark C. Taylor*
Mark C. Taylor

8542-6\00466592.000